# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HYUNDAI HEAVY INDUSTRIES CO., LTD., <br><br>    Plaintiff, <br><br>and <br><br>HYOSUNG CORPORATION AND ILJIN ELECTRIC CO., LTD., <br><br>    Consolidated Plaintiffs, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>ABB ENTERPRISE SOFTWARE INC., <br><br>    Defendant-Intervenor. | Before: Mark A. Barnett, Chief Judge <br> Consol. Court No. 18-00066 |

## OPINION

[Sustaining the second remand redetermination in the fourth administrative review of the antidumping duty order on large power transformers from the Republic of Korea.]

Dated: July 9, 2021

David E. Bond, William J. Moran, and Ron Kendler, White & Case LLP, of Washington, DC, for Plaintiff Hyundai Heavy Industries Co., Ltd.

J. David Park, Henry D. Almond, Daniel R. Wilson, and Leslie C. Bailey, Arnold & Porter Kaye Scholer LLP, of Washington, DC, for Consolidated Plaintiff Hyosung Corporation.

Kelly A. Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and L. Misha Preheim, Assistant Director. Of counsel on the brief

was David Richardson, Senior Counsel, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

R. Alan Luberda, David C. Smith, and Melissa M. Brewer, Kelley Drye & Warren LLP, of Washington, DC, for Defendant-Intervenor ABB Enterprise Software Inc.

 Barnett, Chief Judge: This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") second remand results in the fourth administrative review ("AR4") of the antidumping duty order on large power transformers from the Republic of Korea. *See* Confidential Final Results of Redetermination Pursuant to [Second] Court Remand ("Second Remand Results"), ECF No. 154-1.[1] Plaintiff Hyundai Heavy Industries Co., Ltd. ("HHI"),[2] and Consolidated Plaintiffs Hyosung Corporation ("Hyosung"), and Iljin Electric Co., Ltd. ("Iljin") each challenged aspects of Commerce's final results in the fourth administrative review of the antidumping duty order on large power transformers from the Republic of Korea. *See Large Power Transformers From the Republic of Korea*, 83 Fed. Reg. 11,679 (Dep't Commerce Mar. 6, 2018) (final results of antidumping duty admin. review; 2015–2016) ("*Final Results*"), ECF No. 19-5, and accompanying Issues and Decision Mem., A-580-867 (Mar. 9, 2018), ECF No. 19-6. The court has issued two opinions resolving substantive issues raised in this case; familiarity with those opinions is presumed. *See Hyundai Heavy Indus. v. United States* ("*HHI (AR4) I*"), 43 CIT ___, 393 F. Supp. 3d

---

[1] The administrative record associated with the Second Remand Results is divided into a Public Remand Record, ECF No. 156-3, and a Confidential Remand Record, ECF No. 156-2.

[2] Hyundai Electric & Energy Systems Co., Ltd. is the successor-in-interest to HHI. Letter from David E. Bond, Att'y, White & Case LLP, to the Court (Sept. 12, 2018), ECF No. 32.

1293 (2019); *Hyundai Heavy Indus. v. United States* ("*HHI (AR4) II*"), 44 CIT ___, 485 F. Supp. 3d 1380 (2020).

      Briefly, *HHI (AR4) I* remanded Commerce's *Final Results* for further explanation or reconsideration regarding Commerce's reliance on total adverse facts available (or "total AFA") for both HHI and Hyosung. 393 F. Supp. 3d at 1322. With respect to HHI, and relevant to this discussion, the court found that substantial evidence did not support Commerce's reliance on total AFA based on HHI's reporting of accessories. *See id*. at 1313–17. While the court found that substantial evidence supported Commerce's conclusion that the record was ambiguous as to whether HHI reliably and accurately reported home market gross unit prices, the court directed Commerce to revisit this issue on remand because it appeared to be related to the accessories issue. *See id*. at 1317–18. With respect to Hyosung, and relevant to this discussion, the court could not ascertain Commerce's reasoning for finding that a certain invoice series that covered multiple sales across separate review periods was unreliable and found that Commerce failed to support its finding that certain price adjustments and discounts constituted grounds for total AFA. *See id*. at 1308–12.

      In the first remand redetermination, with respect to HHI, Commerce concluded that the application of total AFA with respect to accessories was no longer warranted. *See* Confidential Final Results of Remand Redetermination Pursuant to [First] Court Remand ("First Remand Results") at 15–16, ECF No. 91-1. However, Commerce continued to rely on total AFA because HHI understated its home market gross unit prices by failing to consistently report certain parts in home market sales as foreign like

product.  *See id.* at 16–19.  With respect to Hyosung, Commerce determined that Hyosung did not act to the best of its ability when it failed to provide complete and accurate information concerning its sales adjustments and discounts for U.S. sales. *See id.* at 15.  While Commerce explained that Hyosung's use of one invoice for multiple sales no longer warranted using total AFA, the unreported discounts and price adjustments continued to warrant the use of total AFA.  *See id.* at 11–13.

In *HHI (AR4) II*, the court again remanded Commerce's reliance on total AFA for HHI and Hyosung.  485 F. Supp. 3d at 1403–04.  Regarding HHI, the court reasoned that Commerce's decision to disregard HHI's entire home market sales database and rely on total facts otherwise available was not supported by substantial evidence because Commerce failed to address whether HHI's home market sales information met the criteria set forth in 19 U.S.C. § 1677m(e) to be used despite not meeting all of Commerce's requirements.  *See id*. at 1399–1400.  Moreover, Commerce did not adequately support its use of an adverse inference because the agency merely restated its reasons for relying on neutral facts available.  *See id*. at 1400–01.  Regarding Hyosung, the court found that Commerce did not sufficiently support its reliance on total AFA because the agency did not explain why it was impracticable to issue a supplemental questionnaire after discovering Hyosung's reporting deficiencies with respect to discounts and price adjustments for U.S. sales.  *See id*. at 1391–92; *see generally* 19 U.S.C. § 1677m(d).

In the redetermination at issue here, Commerce, under respectful protest,[3] *see* Second Remand Results at 11, 14, applied partial facts available, without an adverse inference, to determine a zero percent antidumping duty rate for both HHI and Hyosung, *see id.* at 24.  With respect to HHI, Commerce determined that HHI understated the gross unit price for a home market sale in which it treated a certain part as non-foreign like product, whereas it had treated the same part as foreign like product in another home market sale.  *See id.* at 14–15.  With respect to Hyosung, Commerce relied on partial facts available, without an adverse inference, "for the discount for the sales for which there is record evidence of discounts."  *Id.* at 11.  Commerce further explained that Hyosung's failure to accurately report certain price adjustments to U.S. sales also warranted reliance on partial facts available without an adverse inference.  *See id.*

Before the court, Defendant-Intervenor ABB Enterprise Software Inc. ("ABB") opposes the Second Remand Results because, in ABB's view, the court did not properly apply the standard of review in *HHI (AR4) I* and *HHI (AR4) II*.  *See* [ABB's] Cmts. in Opp'n to Commerce's Second Remand Redetermination ("ABB's Cmts.") at 8, ECF No. 157.  Consequently, ABB contends, the Second Remand Results are invalid, and the *Final Results* should be reinstituted without regard to the remand redeterminations.  *See id.*  HHI, Hyosung, and Defendant United States ("the Government") urge the court to sustain Commerce's Second Remand Results in full.  *See* Pl.'s Responsive Cmts. in Supp. of the Final Results of Redetermination Pursuant

---

[3] By making the determination under protest, Commerce preserves its right to appeal. *See Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003).

to Court Remand at 5, ECF No. 158; Def.'s Resp. to Cmts. on Remand Redetermination at 5, ECF No. 159; Hyosung's Cmts. in Supp. of Second Remand Results ("Hyosung's Cmts.") at 12, ECF No. 160.

For the reasons discussed herein, the court sustains Commerce's Second Remand Results.[4]

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018),[5] and 28 U.S.C. § 1581(c) (2018). The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed for compliance with the court's remand order." *Solar World Ams., Inc. v. United States*, 41 CIT ___,

---

[4] Iljin challenged Commerce's determinations in the *Final Results* and the First Remand Results to calculate its rate (i.e., the rate for non-individually examined respondents) by averaging the total AFA rates determined for the mandatory respondents. *See HHI (AR4) II*, 485 F. Supp. 3d at 1402–03; *HHI (AR4) I*, 393 F. Supp. 3d at 1321. The court deferred ruling on Iljin's challenge pending Commerce's redetermination in the event it became moot. *See HHI (AR4) II*, 485 F. Supp. 3d at 1403; *HHI (AR4) I*, 393 F. Supp. 3d at 1321. In the Second Remand Results, Commerce calculated zero percent margins for both mandatory respondents and applied this rate to Iljin. Second Remand Results at 24. Iljin does not challenge the Second Remand Results.
[5] All citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, and references to the U.S. Code are to the 2018 edition unless otherwise stated.

\_\_\_, 273 F. Supp. 3d 1314, 1317 (2017) (quoting *Xinjiamei Furniture (Zhangzhou) Co. v. United States*, 38 CIT \_\_\_, \_\_\_, 968 F. Supp. 2d 1255, 1259 (2014)).

### DISCUSSION

ABB's opposition to the Second Remand Results is based on its disagreement with the court's prior opinions in this proceeding.  *See* ABB's Cmts. at 8.  ABB raises no specific arguments challenging the Second Remand Results that the court has not addressed in those prior opinions; rather, ABB seeks to preserve its "appellate rights." *Id.* at 2.  ABB has not, however, provided any reason for the court to revisit its findings in *HHI (AR4) I* and *HHI (AR4) II*.  *See id.* (acknowledging that the court "will likely affirm the Second Remand [Results] based on Commerce following the Court's direction in [*HHI (AR4) II*]").

Commerce's redetermination complies with the court's order in *HHI (AR4) II* because it supplied reasoned explanations for its reliance on partial facts otherwise available to determine HHI's and Hyosung's[6] margins.[7]  *See* Second Remand Results at 9–14.

---

[6] While Hyosung "disagrees with Commerce as to whether the documentation on the record indicates that a discount applied to one specific sale," it does not challenge that determination before the court.  Hyosung's Cmts. at 3 n.1.

[7] Commerce states that in *HHI (AR4) II* the court found "that [HHI] acted to the best of its ability" to respond to Commerce's request for information regarding HHI's treatment of certain parts as foreign like product in home market sales.  Second Remand Results at 13 & n.65 (citing *HHI (AR4) II*, 485 F. Supp. 3d at 1399–1400).  The court made no such finding.  The court concluded that "the record [did] not support *Commerce's characterization* of HHI's reporting errors as sufficient to warrant an adverse inference." *HHI (AR4) II*, 485 F. Supp. 3d at 1401 (emphasis added).  And while the "record indicate[d] that HHI did not report [the parts at issue] as foreign like product in the two

## Conclusion

In accordance with the foregoing, the court will sustain the Second Remand Results. Judgment will enter accordingly.

/s/　　Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: July 9, 2021
　　　　New York, New York

---

sales at issue based on its good faith position on an issue about which even Commerce previously acknowledged ambiguity," *id.*, the court did not constrain Commerce from relying on total AFA for HHI if such a determination was supported by substantial evidence and in accordance with the law.